# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KEITH COSTELLO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-01537-JAR |
| | ) | |
| TROY STEELE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Keith Costello's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) The government has responded. (Doc. 15.) For the following reasons, Petitioner's petition is **DENIED** and this action is **DISMISSED with prejudice**.

## I. Introduction and Background

In November 2010, a jury found Petitioner guilty of first-degree robbery. (Resp. Ex. I at PageID #: 1016.) The court sentenced him to life in prison. (*Id*. at PageID #: 1016-17.) While in custody awaiting trial, Petitioner filed a request for a speedy trial, giving the state 180 days to begin its prosecution. (*Id*. at PageID #: 1016.) Petitioner was appointed counsel from the St. Louis County Public Defender's Office—attorney Nancy Pew. (*Id*.) However, it was later determined that the Office was already representing Petitioner's co-defendant, whom the prosecution intended to present as a witness against Petitioner, leading Ms. Pew to withdraw based on the conflict of interest. (*Id*.) Before she withdrew, she advised Petitioner that his replacement counsel would have only about two months to prepare for trial and recommended that he withdraw his request for, and waive his right to, a speedy trial. (Resp. Ex. G at PageID #:

986.) Petitioner did so, signing what appears to be a waiver he wrote himself. (Doc. 16-1 at PageID #: 1028.)

After the original 180-day deadline had elapsed, Petitioner, represented by new appointed counsel, moved to dismiss the charges as time-barred, arguing that his speedy-trial waiver was unenforceable as the result of ineffective assistance of counsel and that therefore the court lacked jurisdiction to hear the case. (Doc. 1 at PageID #: 18-19.) The trial court held a hearing, heard testimony from the attorneys involved, and denied the motion. (*Id*. at PageID #: 19.)

On direct appeal, Petitioner argued, among other things, that the trial court erred in denying his motion to dismiss. (Resp. Ex. E at PageID #: 829.) The Missouri Court of Appeals affirmed the conviction and sentence, finding that Ms. Pew's conflict had no effect on her advice to waive his right to a speedy trial. (*Id*. at PageID #: 830.) "Instead," the court held, "the record reflects [Petitioner] was advised of the advantages and disadvantages of waiving his right to speedy trial, and he chose to do so." (*Id*. at PageID #: 830-31.)

Thereafter, Petitioner filed a motion for post-conviction relief under Missouri Rule of Criminal Procedure 29.15, raising the denial of his motion to dismiss as his only point relied on. (Resp. Ex. G.) The trial court denied relief and the Missouri Court of Appeals affirmed. (*See* Resp. Ex. I.)

Petitioner then filed this § 2254 petition, arguing that the trial court's denial of his motion to dismiss violated his rights to due process under the Fifth and Fourteenth Amendments and was the result of ineffective assistance of counsel. (Docs. 1, 16.) Under Missouri Revised statute § 217.460, the state must try a defendant within 180 days after receiving his request for trial. The failure to timely try a defendant divests the state courts of jurisdiction. Mo. Rev. Stat. § 217.460. The government argues that Petitioner's due-process ground is not cognizable on

habeas review and that, in any event, the trial court's denial of the motion was not unreasonable. (Doc. 15.)

**II.     Analysis**

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal courts may not grant habeas relief on a claim that has been decided on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

"A state court's decision is contrary to . . . clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision . . . and nevertheless arrives at a [different] result." *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007) (alteration in original) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)).

A state court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). A state court's factual findings are presumed to be correct, and its decision may be

considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)).

### A. Due Process

Petitioner first argues that the trial court's denial of his motion to dismiss violated his speedy-trial and due-process rights by denying his motion to dismiss. The Court concludes that Petitioner is not entitled to relief on this ground.

A Missouri defendant's right to a speedy trial is encompassed by two statutes. The first, Missouri Revised Statute § 545.780, requires the state to set the case for trial as soon as reasonably possible following the defendant's request for a speedy trial. The failure to do so, however, is not grounds for dismissal. Mo. Rev. Stat. § 545.780.2. The second statute, Missouri Revised Statute § 217.490, adopts the Uniform Mandatory Disposition of Detainers Act, Article III of which requires the state to bring the defendant to trial within 180 days of his request for a final disposition, allowing for necessary or reasonable continuances for good cause shown. The failure to satisfy *that* requirement binds the trial court to enter an order dismissing the case with prejudice. Mo. Rev. Stat. § 217.490.

However, a "[v]iolation by state officials of a state speedy trial law, taken alone, does not present a federal claim reviewable on habeas petition." *Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994). Indeed, the Supreme Court has long held that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Petitioner's argument fares no better when framed as a jurisdictional defect: "The question of whether the Missouri courts had jurisdiction to sentence [Petitioner] was one solely of state law and is therefore not properly before this court." *Poe*, 39

F.3d at 207. In short, Petitioner's first ground "is based only on Missouri law and actions of Missouri officials, and thus may be addressed only by the Missouri courts." *Id.*

Further, for the reasons discussed below, the Court concludes that, even if Petitioner's due-process ground was cognizable, he has failed to show that the trial court's denial of his motion to dismiss was unreasonable in light of his express waiver.

### B. Ineffective Assistance of Counsel

Liberally construed, *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), Petitioner's habeas petition also includes a Sixth Amendment ground alleging that Ms. Pew's conflict of interest deprived him of his right to effective assistance of counsel. Specifically, he argues that his waiver was the result of advice tainted by the conflict and that therefore he should not be bound by it. The Court concludes that Petitioner is not entitled to relief on this ground, either.

To prove ineffective assistance of counsel, a habeas petitioner must show that his attorney's performance was objectively unreasonable, and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). He "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. When the petitioner alleges ineffective assistance based on a conflict of interest, he must demonstrate that the conflict "actually affected the adequacy of his representation." *Mickens v. Taylor*, 535 U.S. 162, 168 (2002) (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 348-349 (1980)). On habeas review, the standard is "highly deferential." *Strickland*, 466 U.S. at 689.

In state court, Petitioner argued that, because of Ms. Pew's conflict, her representation was "impaired by a split loyalty" to another Public Defender's Office client. (Resp. Ex. B at

PageID #: 616.)  But at the hearing on Petitioner's motion to dismiss, Ms. Pew testified that "it was her practice to advise clients about the potential advantages and disadvantages to waiving their right to speedy trial, and she would have done so with [Petitioner.]"  (Resp. Ex. E at PageID #:  830.)  Finding that "[n]othing in the record" supported Petitioner's claim that Ms. Pew's conflict of interest "impaired her ability to advise him regarding his waiver of the right to speedy trial," and noting that "[u]ltimately, the decision to waive the right to speedy trial was [Petitioner's]," the state court concluded that the facts did not indicate that the conflict actually affected Ms. Pew's counsel regarding the speedy trial waiver.  (*Id.*)

Given that the state court's factual findings are presumed correct, Petitioner cannot show that its holding was an unreasonable application of *Strickland*.  Ms. Pew testified that Petitioner received the same advice that she gives to all of her clients regarding the speedy trial waiver, including a discussion regarding the various advantages and disadvantages inherent in the choice.  The final decision was Petitioner's and he provides no compelling reason to believe that Ms. Pew's conflict affected his decision or impaired his ability to understand the relatively straightforward effect of his waiver.

In addition, the Court notes that the waiver was actually in Petitioner's interest.  The additional time allowed his replacement counsel a sufficient opportunity to get up to speed on the case and prepare for trial—the very advice Pew gave Petitioner in support of the waiver.  Indeed, Petitioner himself asserted in state court that waiving his right to a speedy trial was "what any rational person would do" two months before trial, "rather than plow forward into a murder and robbery trial without a lawyer."  (Resp. Ex. G at PageID #:  986.)  Indeed, four other public defenders entered appearances before the attorney who would ultimately defend him at trial took the case.  (*Id*. at PageID #:  990.)  In the end, she had only three months to prepare for trial.  (*Id*.)

Absent the waiver, Petitioner's replacement counsel would have been hard pressed to adequately prepare his defense.

Petitioner argued on appeal from the denial of his post-conviction motion that the prosecution was able to discredit a key defense witness on cross-examination by showing that her memory had diminished during the time between the crime and trial while using the same passage of time to excuse its own witnesses' inconsistencies. (*Id.* at PageID #: 991.) But Petitioner's contention that those tactics were attributable solely to the delay—which was only about fourteen months—is too speculative to create a reasonable probability that the outcome of the trial would have been different, especially in light of the benefit of the additional time to prepare.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Keith Costello's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED.**

**FURTHER** the Court finds that, because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998). A judgment dismissing this case is filed herewith.

Dated this 25th day of September, 2017.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**